# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| VICKIE E. LEA | § | |
| | § | |
| *Plaintiff,* | § | Civil Action No.  4:20-CV-00483 |
| | § | Judge Mazzant |
| v. | § | |
| | § | |
| CLINTON D. McGUE | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Clinton D. McGue's Motion to Dismiss Pursuant to Rules 12(b)(2) and 12(b)(6). (Dkt. #5). Having considered the motion and the relevant pleadings, the Court finds that it does not have personal jurisdiction over Clinton D. McGue ("McGue"). Accordingly, the Court finds the Motion should be granted as to the Rule 12(b)(2).

## BACKGROUND

This case arises from a debt collection after Plaintiff Vickie Lea ("Lea") defaulted on her Toyota Corolla payments. (Dkt. #1 ¶¶ 21-24). On April 27, 2018, Lea purchased a Toyota Corolla from Orr Motors of Searcy, Inc., a car dealership in Arkansas. (Dkt. #1 ¶ 16). She signed the automobile finance contract and financed the Corolla with Arkansas Federal Credit Union ("AFCU") all in Arkansas. (Dkt. #1 ¶ 18). After defaulting on her loan, Lea voluntarily surrendered the Corolla to AFCU, and AFCU repossessed the vehicle from Lea's home in Denton County, Texas. (Dkt. #1 ¶ 21). On April 12, 2019, AFCU mailed Lea a deficiency explanation to Lea's home (Dkt. #1 ¶ 23), and McGue—attorney for AFCU—then filed the Debt Collection Complaint in the Circuit Court of Pulaski County, Arkansas, on June 25, 2019. (Dkt. #1 ¶ 24).

On the same day, the Clerk of the Court issued a Summons to Lea at her residence. (Dkt. #1 ¶ 25). On July 8, 2019, McGue served Lea with the Debt Collection Complaint and Summons by certified mail to her residence. (Dkt. #1 ¶ 28). On August 12, 2019, McGue moved for default judgment against Lea. (Dkt. #1 ¶ 29). The Circuit Court of Pulasaki County, Arkansas entered a Default Judgment prepared by McGue on August 15, 2019. (Dkt. #1 ¶ 32).

Lea filed this suit on June 19, 2020, alleging McGue violated the Fair Debt Collection Practices Act because McGue did not send Lea a written notice containing the information in 15 U.S.C. § 1692g(a)(1)-(5) within five days of his "initial communication" with Lea. (Dkt. #1 ¶ 30). Lea claims the motion for default judgment constituted the "initial communication" with Lea as the term has been interpreted in 15 U.S.C. § 1692g(a). (Dkt. #1 ¶ 30).

On July 29, 2020, McGue filed this Motion to Dismiss Pursuant to Rules 12(b)(2) and 12(b)(6). Lea responded on August 12, 2020, (Dkt. #7), and McGue filed a reply on August 19, 2020. (Dkt. #10).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant. FED. R. CIV. P. 12(b)(2). After a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that *in personam* jurisdiction exists. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 202 (5th Cir. 1989)).

To satisfy that burden, the party seeking to invoke the court's jurisdiction must "present sufficient facts as to make out only a *prima facie* case supporting jurisdiction," if a court rules on a motion without an evidentiary hearing. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). When considering the motion to dismiss, "[a]llegations in [a] plaintiff's complaint

2

are taken as true except to the extent that they are contradicted by defendant's affidavits." *Int'l Truck & Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 557 (N.D. Tex. 2003) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 282–83 n.13 (5th Cir. 1982)); *accord Black v. Acme Mkts., Inc.*, 564 F.2d 681, 683 n.3 (5th Cir. 1977). Further, "[a]ny genuine, material conflicts between the facts established by the parties' affidavits and other evidence are resolved in favor of plaintiff for the purposes of determining whether a *prima facie* case exists." *Id.* (citing *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 161, 1067 (5th Cir. 1992)). However, if a court holds an evidentiary hearing, a plaintiff "must establish jurisdiction by a preponderance of the admissible evidence." *In re Chinese Manufactured Drywall Prods. Liab. Lit.*, 742 F.3d 576, 585 (5th Cir. 2014) (citing *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241–42 (5th Cir. 2008)).

A court conducts a two-step inquiry when a defendant challenges personal jurisdiction. *Ham v. La Cienga Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). First, absent a controlling federal statute regarding service of process, the court must determine whether the forum state's long-arm statute confers personal jurisdiction over the defendant. *Id.* And second, the court establishes whether the exercise of jurisdiction is consistent with due process under the United States Constitution.

The Texas long-arm statute confers jurisdiction to the limits of due process under the Constitution. *Command-Aire Corp. v. Ont. Mech. Sales and Serv. Inc.*, 963 F.2d 90, 93 (5th Cir. 1992). Therefore, the sole inquiry that remains is whether personal jurisdiction offends or comports with federal constitutional guarantees. *Bullion*, 895 F.2d at 216. The Due Process Clause permits the exercise of personal jurisdiction over a non-resident defendant when the defendant has established minimum contacts with the forum state "such that maintenance of the

3

suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Minimum contacts with a forum state can be satisfied by contacts that give rise to either general jurisdiction or specific jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

General jurisdiction exists only when the defendant's contacts with the forum state are so "'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *see Cent. Freight Lines v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (citing *Helicopteros Nacionales de Colum., S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)).  Substantial, continuous and systematic contact with a forum is a difficult standard to meet and requires extensive contacts between a defendant and the forum. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).  "General jurisdiction can be assessed by evaluating contacts of the defendant with the forum over a reasonable number of years, up to the date the suit was filed." *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir. 1992) (citation omitted).  However, "vague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Johnston*, 523 F.3d at 609 (citing *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 596 (5th Cir. 1999)).

Specific jurisdiction is proper when the plaintiff alleges a cause of action that grows out of or relates to a contact between the defendant and the forum state. *Helicopteros*, 466 U.S. at 414 n.8.  For the court to exercise specific jurisdiction, the court must determine "(1) whether the defendant has . . . purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out

4

of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

Defendants who "'reach out beyond one state' and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other state for consequences of their actions." *Burger King Corp*., 471 U.S. at 475 (citing *Travelers Health Assoc. v. Virginia*, 339 U.S. 643, 647 (1950)).  Establishing a defendant's minimum contacts with the forum state requires contacts that are more than "random, fortuitous, or attenuated, or of the unilateral activity of another party or third person." *Id*.

"If the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." *Seiferth v. Helicopteros Atuneros*, *Inc.*, 472 F.3d 266, 271 (5th Cir. 2006).  In this inquiry, the Court examines five factors: (1) the burden on the nonresident defendant; (2) the forum state's interests; (3) the plaintiff's interest in securing relief; (4) the interest of the interstate judicial system in the efficient administration of justice; and (5) the shared interest of the several states in furthering fundamental social policies. *Burger King*, 471 U.S. at 477.  "It is rare to say the assertion of jurisdiction is unfair after minimum contacts have been shown." *McFadin v. Gerber*, 587 F.3d 753, 760 (5th Cir. 2009) (quoting *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999)).

## ANALYSIS

McGue asks the Court to dismiss the case because the Court lacks personal jurisdiction over him and because Lea failed to state a claim upon which relief can be granted. Because the Court finds it lacks personal jurisdiction, it does not address the Rule 12(b)(6) claim. In this case, Lea asserts that the Court can exercise personal jurisdiction over McGue using either specific or general jurisdiction. The Court will address both in turn.

## I.      Specific Jurisdiction

McGue claims he does not have sufficient contacts with the forum to subject him to personal jurisdiction. McGue is an attorney residing in Cabot, Arkansas, with his only office also located in Cabot, Arkansas. (Dkt. #5 at p. 1). Because McGue is not a resident, the question is whether he had minimum contacts with Texas sufficient to establish personal jurisdiction over him.

### A.  Minimum Contacts

To determine whether McGue has "minimum contacts" with Texas, the Court must identify some act whereby McGue "purposefully availed" himself of the privilege of conducting activities in Texas, "thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253(1958). McGue's conduct must show that he "reasonably anticipat[ed] being haled into court" in Texas. *World-Wide Volkswagen Corp. v. Woodson (Volkswagen I)*, 444 U.S. 286, 297 (1980); *see also Burger King*, 471 U.S. at 472 (1977) (Stevens, J., concurring) (reasoning that the defendant should have fair warning that their activity may subject them to jurisdiction in the foreign sovereign).

It is well established that "merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction." *Freudensprung v. Offshore*

*Technical Servs., Inc.*, 379 F.3d 327, 344 (5th Cir. 2004) (citing *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986)); *Colwell Realty Invs. v. Triple T Inns*, 785 F.2d 1330, 1334 (5th Cir. 1986). In fact, the Fifth Circuit has repeatedly held that,

> the combination of mailing payments to the forum state, engaging in communications related to the execution and performance of the contract, and the existence of a contract between the nonresident defendant and a resident of the forum are insufficient to establish the minimum contacts necessary to support the exercise of specific personal jurisdiction over the nonresident defendant.

*Freudensprung*, 379 F.3d at 344; *see, e.g., Holt*, 801 F.2d at 778 (declining to exercise specific jurisdiction when nonresident defendant entered a contract with a Texas resident, sent a contract and checks to the forum, and engaged in telephonic and written communications with the resident); *Stuart v. Spademan*, 772 F.2d 1185, 1192–93 (5th Cir. 1985) (holding that the nonresident defendant did not intend to avail himself of the laws of the forum when he contracted with several Texas residents, sent letters to Texas, shipped products to Texas, included a Texas law provision in the contract, and marketed his product in Texas).

In his motion, McGue cited a case from the Eastern District of Texas that is directly on point to the personal jurisdiction question in this case. McGue points the Court to *Palmer v. Idalia Llorens Collection Agency, Inc.*, which cites to a Texas appellate case analyzing the same issue. 434 F. Supp. 3d 462, 469 (E.D. Tex. Jan. 21, 2020) (following *Freudensprung, supra; Priller v. Cox*, No. 5-15-01257-CV, 2016 WL 7163918, at *2 (Tex. App.—Dallas Nov. 15, 2016)). In *Palmer*, the plaintiff claimed the university mailed letters from Puerto Rico to Texas to collect a debt incurred in Puerto Rico and thereby committed a tort based on its debt collection methods in Texas. *Id*. However, "[s]ending two letters seeking payment of invoices for an appraisal conducted in Florida is not sufficient to establish purposeful availment." *Priller*, 2016 WL 7163918, at *2; *accord Freudensprung*, 379 F.3d at 344; *Bulkley & Assocs., LLC v. Occupational Safety & Health Appeals Bd. of California*, No. 4:18-CV-642, 2019 WL 2411544, at *6 (E.D. Tex. June 7,

2019) (declining to exercise specific personal jurisdiction over a nonresident defendant because the defendant's contacts with the forum state were only random, fortuitous, and attenuated) (citing *Burger King Corp.*, 471 U.S. at 475); *Demolition Contracting & Disposal v. Beauticontrol, Inc.*, No. 4:18-CV-270, 2018 WL 5263258, at *3–4 (E.D. Tex. Oct. 23, 2018) (explaining that one wire transfer fell short of purposeful availment); *KC Smash 01, LLC v. Gerdes, Hendrichson, Ltd., L.L.P.*, 384 S.W.3d 389, 393 (Tex. App.—Dallas 2012); *Majors Mgmt., LLC v. Price & Co.*, No. 09-17-00063-CV, 2018 WL 771008, at *7 (Tex. App.—Beaumont Feb. 8, 2018) (finding that telephone calls, emails, and wire transfers from a nonresident defendant to a Texas resident were insufficient to demonstrate that the defendant purposefully did business in Texas).

Here, Lea claims the "initial communication" came when McGue sent and served Lea with the motion for default judgment on August 12, 2019. (Dkt. #1 ¶ 30). Aside from this single letter, Lea fails to allege any other contacts between McGue and the state of Texas. Although McGue "reached out" to collect on Lea's debt, he did not "purposefully avail" himself of the benefits of Texas law like someone actually "doing business" in Texas. *See Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *see also Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 484 (5th Cir. 2008). Based on such minimal known contacts, McGue—a nonresident—could not have reasonably anticipated being haled into federal court in Texas to defend his collection efforts. *See Volkswagen I*, 444 U.S. 286, 297 (1980); *Hanson*, 357 U.S. at 253. McGue was simply trying to collect the debt on behalf of AFCU.

Similar to *Palmer* where the plaintiff chose to go to Puerto Rico to attend college, Lea chose to conduct business in Arkansas. In *Palmer*, the court refused to adopt the "broad approach" urged by the plaintiff because then "any nonresident defendant who made an isolated communication to a Texas resident could potentially be subjected to suit in Texas." *Palmer*, 434

8

F. Supp. 3d. at 470. Likewise, in this case, the Court is not willing to find a single communication to be sufficient to subject a nonresident to personal jurisdiction in Texas.

### B.  Cause of Action "Arises From" Forum-Related Contacts

The second requirement of constitutionally sufficient contacts is that the underlying cause of action must "arise out of" the defendant's contacts with the forum state. *Wercinski*, 513 F.3d at 487. The focus of the personal jurisdiction analysis is on the "relationship among the defendant, the forum, and the litigation." *Calder v. Jones*, 465 U.S. 783, 788 (1984); *Wercinski*, 513 F.3d at 487.

Here, this cause of action undoubtedly arises out of McGue's contact with the forum and his collection efforts in Texas, "[b]ut keeping in mind the proper focus on the relationship among the defendant, the forum, and the litigation," the Court finds McGue's connection to Texas is based on Lea's conduct in Arkansas. *See Wercinski*, 513 F.3d at 487. Rather, McGue's relationship with Texas arose only because he was forced to come to Texas if he wanted to contact Lea regarding the debt. Therefore, the Court does not find that McGue's actions are sufficient forum related contact.

### C.  Reasonableness of Personal Jurisdiction

The third element of the due process analysis—assessing the reasonableness of a court's exercise of personal jurisdiction—includes a five factor test: (1) the burden upon the nonresident defendant to litigate in that forum; (2) the forum state's interests in the matter; (3) the plaintiff's interest in securing relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the several states' shared interest in furthering substantive social policies. *Wercinski*, 513 F.3d at 487 (citing *Asahi Metal Indus. Co. v. Superior Court*, 480

U.S. 102, 113 (1987)); *see also Felch v. Transportes Lar-Mex SA De CV*, 92 F.3d 320, 324 (5th Cir. 1996).

Allowing the Eastern District of Texas to assert jurisdiction over McGue creates the possibility that he will have to defend his collection efforts in courts throughout the nation. *See, e.g., Wercinski*, 513 F.3d at 487. Lea does have an interest in a convenient forum to pursue litigation, especially when the cause of action stems from wrongful debt collection practices, and Texas has an interest in protecting its residences from these wrongful practices. However, subjecting McGue to a suit in Texas without sufficient minimal contacts could lead to a multiplicity of inconsistent verdicts. Therefore, because Lea has not established that McGue had minimum contacts with Texas sufficient enough to give rise to the cause of action asserted against him, there is no specific jurisdiction in this case.

## II.      General Jurisdiction

General jurisdiction exists only when the defendant's contacts with the forum state are so "'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG*, 571 U.S. at 127 (2014). Substantial, continuous and systematic contact with a forum is a difficult standard to meet and requires extensive contacts between a defendant and the forum. *Johnston*, 523 F.3d at 609.  Here, Lea has not established sufficient contacts to subject McGue to specific jurisdiction, and she has failed to allege facts sufficient to rise to level needed to find McGue "essentially at home in the forum state" to establish general jurisdiction. Lea cites to two or three other occasions where McGue has issued summonses on Texas residents, but such occasions are not sufficient to find McGue "essentially at home" in Texas. Therefore, the Court finds there is no general personal jurisdiction in this case.

### III.      Rule 12(b)(6)

Because the Court concludes that it does not have personal jurisdiction over McGue, it will not address McGue's argument that Lea failed to state a claim under Federal Rule of Civil Procedure 12(b)(6).

### CONCLUSION

It is therefore **ORDERED** that Defendant Clinton McGue's Motion to Dismiss Pursuant to Rules 12(b)(2) (Dkt. #5) is hereby **GRANTED** in part, and the case is dismissed without prejudice.

All relief not previously granted is hereby denied.

The Clerk is directed to close this civil action.

**IT IS SO ORDERED.**

**SIGNED this 22nd day of September, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE